IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NORMA SALDANA, § | |
| *Plaintiff*, § | |
| v. § | |
| § | Case No.: 1:24-cv-563-DII |
| MIDLAND CREDIT MANAGEMENT, § | |
| INC., § | |
| *Defendant*. § | |

## **DEFENDANT'S MOTION TO DISMISS**

Defendant Midland Credit Management, Inc. ("MCM") files this Motion to Dismiss ("Motion") under Federal Rule of Civil Procedure 12(b)(6), and respectfully shows the Court the following:

### **INTRODUCTION**

This is a case concerning a debt dispute and MCM's diligent response to said dispute. Plaintiff Norma Saldana ("Plaintiff") mailed a letter to MCM disputing a debt found on her credit report. In that letter, Plaintiff stated: "The only convenient way to contact me is via my email at [Plaintiff's email address]." MCM mailed a letter to Plaintiff solely to address her dispute by identifying the relevant information pertaining to her account that she requested. The letter was informational only. MCM did not demand payment or seek to collect any debt in the response letter. Moreover, MCM specifically acknowledged that Plaintiff's communication preferences would be honored moving forward unless applicable law required otherwise.

Plaintiff filed this lawsuit in response to Midland's letter, alleging that it was an "illegal collection tactic[] by [MCM]" under 15 U.S.C. § 1692c(a)(1) that caused her damages "in the form of invasion of privacy, embarrassment, loss of productive time, emotional distress, frustration, anger and humiliation amongst other negative emotions." Plaintiff asserts a claim under the Fair

1

Debt Collection Practices Act ("FDCPA"). The Court should dismiss her claim under Federal Rule of Civil Procedure 12(b)(6) for two independent reasons.

First, Plaintiff fails to state a claim upon which relief may be granted because the mailing of a letter is not a communication at a "time or place" under 15 U.S.C. § 1692c(a)(1). It is the medium by which a communication is delivered. Second, MCM's response letter was not a communication "in connection with the collection of any debt" under 15 U.S.C. § 1692c(a)(1).

## FACTUAL BACKGROUND

Plaintiff alleges that she discovered a debt of $4,525.36 owed to Credit One Bank when viewing her credit report on November 7, 2023. ECF No. 3 at ¶ 10. Plaintiff's discovery prompted her to mail a letter to MCM to dispute the debt ("Dispute Letter") that same day. *Id*. at ¶ 11. Within that Dispute Letter, Plaintiff told MCM that "the only convenient *way* to contact [her] was email" and provided her email address. *Id*. at ¶12; **Ex. A**. In response, MCM mailed Plaintiff a letter on November 25, 2023 *solely* to address Plaintiff's dispute (the "Response"), as evidenced by the following statements:

- "We understand that you are inquiring about or requesting documentation about the accuracy of our records concerning this account per Texas Finance Code. After reviewing the information you provided, our account notes, and information provided by the previous creditor . . . we have concluded that our information is accurate.";

- "We are uncertain of what you are specifically disputing[.]";

- "In order for us to further investigate your inquiry, please provide [a written explanation and documentation.]"

See **Ex. B**[1].

---

[1] A court may consider extrinsic documentary evidence in the context of a Rule 12(b)(6) motion if: (1) the document is attached to a defendant's motion to dismiss; (2) the document is referred to in the plaintiff's complaint; and (3) the document is "central" to the plaintiff's claims. *In re Xtreme Power Inc.*, 563 B.R. 614, 629 (Bankr. W.D. Tex. 2016) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). MCM respectfully requests that the Court consider this extrinsic evidence because it is integral to the Complaint. The Dispute Letter and Response letters are necessary to establish Plaintiff's claim, because without these letters, the Lawsuit doesn't exist.

Indeed, MCM merely mailed Plaintiff a letter to (1) confirm that it had investigated Plaintiff's dispute, (2) provide the former creditor's name and address, and (3) to seek clarification of Plaintiff's basis for the dispute. **Ex. B** at p. 1. There is nothing in the Response that indicates that MCM sent the Response with the "purpose of coercing Plaintiff to pay an alleged debt" as alleged by Plaintiff. *See* ECF No. 3 at ¶ 18. Nevertheless, Plaintiff filed this lawsuit asserting that MCM violated 15 U.S.C. §1692c(a)(1) and that her receipt of the letter by mail instead of by email resulted in "actual damages . . . in the form of invasion of privacy, embarrassment, loss of productive time, emotional distress, frustration, anger and humiliation amongst other negative emotions." *Id*. at ¶ 15.

## ARGUMENT & AUTHORITIES

A.  **Legal standard under FED. R. CIV. P. Rule 12(b)(6).**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *cert. denied*, 552 U.S. 1182 (2008)). "Factual allegations must . . . raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted).

While the allegations need not be overly detailed, a plaintiff's pleadings must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*.; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("'naked assertions' devoid of 'further factual enhancement,' "along with "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth).

"[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

Moreover, demonstrating the facial plausibility of a claim requires a plaintiff to establish "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 677. It is not enough that a plaintiff alleges the mere possibility of misconduct; it is incumbent to "show that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Iqbal*, 556 U.S. at 678–79. The court may dismiss a complaint under Rule 12(b)(6) if either the complaint fails to assert a cognizable legal theory, or the facts asserted are insufficient to support relief under a cognizable legal theory. *See Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc*., 940 F. Supp. 1026, 1030 (E.D. Tex. 1996).

**B.    Plaintiff fails to state a claim under 14 U.S.C. § 1692c(a)(1).**

In order to recover under the FDCPA, a plaintiff must plead sufficient facts showing that: (1) [she] is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a "debt" as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt. *Meyer v. Phoenix Recovery Grp.*, No. CV SA-17-CA-0131-FB, 2019 WL 2564572, at *2 (W.D. Tex. Feb. 21, 2019) (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d. Cir. 2014)). Plaintiff's sole claim is under 15 U.S.C. § 1692c(a)(1), which provides that a debt collector cannot communicate with a consumer "in connection with the collection of any debt" "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." *See* 15 U.S.C. § 1692c(a)(1). As demonstrated below, Plaintiff does not plead facts giving rise to a claim under 15 U.S.C. § 1692c(a)(1).

4

> *1.    Plaintiff does not plead facts showing that MCM communicated with Plaintiff at any unusual time or place, or at a time or place known to be inconvenient.*

Plaintiff's Complaint contains no allegations MCM either communicated with Plaintiff at any unusual time or place, or a time or place known to be inconvenient to the consumer. *See generally* ECF No. 3. Rather, the entire factual basis for Plaintiff's FDCPA claim is her dissatisfaction with the *medium* of communication that MCM chose to respond to her Dispute Letter. *Marks v. Javitch Block LLC*, No. 1:23-CV-431-MJT-CLS, 2024 WL 1134037, at *2 (E.D. Tex. Mar. 14, 2024) (dismissing a plaintiff's claim under 15 U.S.C. § 1692c(a)(1) because it was based solely on dissatisfaction with a particular medium of communication, rather than on an inconvenient time or place); *White v. LVNV Funding, LLC*, 2024 WL 365404 (D. Nev. Jan. 30, 2024) (same).

Indeed, Plaintiff's Dispute Letter states that she "need[s] validation of the debt" and that "[t]he only convenient way to contact [her] is via [her] email[.]" **Ex. A**. Moreover, Plaintiff's Complaint indicates that her sole cause of action is based on receiving "a letter from Defendant via mail in response to [her] dispute letter despite [her] clear, written instruction to communicate with her via email about the alleged debt." ECF No. 3 at ¶ 14. Plaintiff's Dispute Letter does not contain any information putting MCM on notice of an unusual *time*, or an unusual *place*, or a time or place "which should be known to be inconvenient to the consumer," which is required to succeed on a claim under 15 U.S.C. § 1692c(a)(1). The Dispute Letter only identifies that a specific "medium" of communication is more convenient than other "mediums" of communication. *See Marks*, 2023 WL 1134037 at *2 (determining that, in the context an alleged inconvenient email, the "FDCPA distinguishes between a preference in a medium and a consumer's right to not be contacted at a time or place known to be inconvenient.").

5

Plaintiff clearly takes issue with MCM's medium of communication, rather than the time or place that she received the communication.[2] Therefore, Plaintiff's claim under 15 U.S.C. § 1692c(a)(1) should be dismissed.

*2.     The Response is not a communication in connection with the collection of a debt.*

A crucial element of Plaintiff's claim is that the Response must be a communication "in connection with the collection of a debt." 15 U.S.C. § 1692c(a)(1). To be a communication in connection with the collection of a debt, the "animating purpose" of the communication must be to solicit payment of a debt (as indicated by an express demand for payment). *Billups v. Retail Merchants Ass'n, Inc.*, 620 F. App'x 211, 214 (5th Cir. 2015); *Hunsinger v. SKO Brenner Am., Inc.*, No. 3:13-CV-0988-D, 2013 WL 3949023, at *3-4 (N.D. Tex. Aug. 1, 2013). The Response is not a communication "in connection with the collection of a debt."

Plaintiff mischaracterizes the Response as having the "purpose of coercing Plaintiff to pay an alleged debt." ECF No. 3 at ¶ ¶ 16-20. But the Response is a communication specifically solicited by Plaintiff that provided information only about a debt—not an attempt to collect a debt. It does not include an express demand for payment, deadline for payment, a statement of consequences for failure to pay, or directions on how to send payment. **Ex. B** at p. 1. Clearly, the animating purpose of this communication was *not* to collect a debt.[3]

While not at issue in this case, 15 U.S.C. § 1692g(b) confirms that the Response was not made "in connection with collection of a debt." Section 1692g(b) expressly requires a debt

---

[2] Even if time or place was at issue, Official Commentary from the Consumer Financial Protection Bureau states that if "a consumer initiates a communication with a debt collector at a time or from a place that the consumer previously designated as inconvenient, the debt collector may respond once at that time or place through the same medium of communication used by the consumer." *See* CFPB, Debt Collection Practices (Regulation F), Supplement 1 to Part 1006, Official Interpretation 6(b)(1), *76896-768967,76762-76763.

[3] Although the reverse-side of the Response includes a brief, standard disclosure statement that "[t]his is an attempt to collect a debt[,]"the inclusion of the attempt-to-collect-a-debt statement does not automatically transform a communication into a debt collection effort. *See Hunsinger*, 2013 WL 3949023, at *3-4; **Ex. B** at p. 2.

collector to mail a consumer verification information in response to a timely debt dispute before it can proceed with "collection of the debt." 15 U.S.C. § 1692g(b). That is precisely the type of information that MCM provided to Plaintiff in the Response, in that the Response included verification information such as the former creditor's name and adress. **See Ex. B** at 1.

Because the Response's "animating purpose" was clearly not to induce payment by Plaintiff on a debt but merely an informational communication solicited by Plaintiff, Plaintiff's FDCPA claim should be dismissed.

## **PRAYER**

WHEREFORE, MCM respectfully requests that the Court grant this Motion, and pursuant to Federal Rule of Civil Procedure 12(b)(6), enter an order dismissing Plaintiff's claims with prejudice. MCM further requests all other relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

*/s/ Christopher G. Garcia*
Daniel Durell
State Bar No. 24078450
daniel.durell@lockelord.com
Christopher G. Garcia
State Bar No. 24120840
chris.garcia@lockelord.com
LOCKE LORD LLP
300 Colorado Street, Suite 2100
Austin, Texas 78701
Telephone: (512) 305-4700
Facsimile: (512) 305-4800

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on this the 2nd day of July, 2024, as indicated below to the following:

**Via CM/ECF**
Tiffany Hill
3010 LBJ Freeway, Suite 1200
Dallas, Texas 75234
thlegalconsulting@gmail.com
**Attorney for Plaintiff**

**Via CM/ECF**
Shakeria Northcross
Northcross Legal PLLC
539 W. Commerce St., Suite 7226
Dallas, Texas 75208
assistant@northcrosslegal.com
**Attorney for Plaintiff**

*/s/ Christopher G. Garcia*
Counsel for Defendant

137817856v.1 1008643/00215