IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NORMA SALDANA, | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | Case No.: 1:24-cv-563-DII |
| MIDLAND CREDIT MANAGEMENT, | § | |
| INC., | § | |
| *Defendant*. | § | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Midland Credit Management, Inc. ("MCM") files this Motion to Dismiss Plaintiff's First Amended Complaint ("Motion") under Federal Rule of Civil Procedure 12(b)(6), and respectfully shows the Court the following:

**INTRODUCTION**

Plaintiff Norma Saldana ("Plaintiff") complains that MCM violated the Federal Debt Collection Protection Act ("FDCPA") by *mailing* instead of *emailing* her a purely informational letter responding to her dispute and debt validation request. Plaintiff contends that MCM's letter was an "illegal collection tactic[]" under 15 U.S.C. § 1692c(a)(1) and that her receipt of the letter by mail instead of by email caused "embarrassment, loss of productive time, emotional distress, frustration, anger and humiliation amongst other negative emotions." ECF No. 8 at ¶¶ 17, 19–20. Plaintiff's allegations are legally insufficient to state a claim upon which relief may be granted for two independent reasons.

First, Plaintiff's allegations confirm that MCM did not communicate with Plaintiff at a "*time* or *place* known or which should be known to be inconvenient" in violation of 15 U.S.C. § 1692c(a)(1). Plaintiff's notice that "the only convenient way to contact her was email" refers

1

only to the *medium* by which a communication is delivered—not the *place*. Courts throughout the country—including the United States District Court for the Eastern District of Texas—have recently dismissed strikingly similar attempts to manufacture an FDCPA claim. *See, e.g.*, *Marks v. Javitch Block LLC*, No. 1:23-CV-431-MJT-CLS, 2024 WL 1134037, at *2 (E.D. Tex. Mar. 14, 2024).

Second, MCM's response letter confirms that it was not a communication "in connection with the collection of any debt" under 15 U.S.C. § 1692c(a)(1). The letter expressly stated that it was being provided in response to Plaintiff's debt dispute and validation request. And, the substance of the response letter is entirely consistent with its stated purpose. There is no demand for a payment, no payment due date, and no consequences identified for any failure to pay. Consequently, Plaintiff has failed to plead plausible allegations sufficient to show 15 U.S.C. § 1692c(a)(1) applies to the response letter.

## FACTUAL BACKGROUND

Plaintiff alleges that she discovered a debt of $4,525.36 owed to Comenity Capital Bank when viewing her credit report on November 7, 2023. ECF No. 8 at ¶ 10. Plaintiff's discovery prompted her to mail a letter to MCM to dispute and request validation of the debt ("Dispute Letter") that same day. *Id*. at ¶ 11; **Ex. A**.[1] The Dispute Letter Provided:

> I am disputing the alleged debt owed to Comenity Capital Bank
>
> I need validation of the debt [sic] The only convenient way to contact me is via email.
>
> Norma Saldana

---

[1] A court may consider extrinsic documentary evidence in the context of a Rule 12(b)(6) motion if: (1) the document is attached to a defendant's motion to dismiss; (2) the document is referred to in the plaintiff's complaint; and (3) the document is "central" to the plaintiff's claims. *In re Xtreme Power Inc.*, 563 B.R. 614, 629 (Bankr. W.D. Tex. 2016) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). MCM respectfully requests that the Court consider the two letters referenced in the First Amended Complaint, which are attached hereto as **Exhibits A and B**, because they meet all of these requirements and their authenticity cannot reasonably be questioned given the dates and substance of the letters identified by Plaintiff in the First Amended Complaint.

424 Susan Dr
Buda TX 78610

Email: [Plaintiff's email address]

Certified Mail Number
7021 2720 0001 8669 6618

**Ex. A**. Plaintiff alleges that MCM received the Dispute Letter on November 20, 2023. ECF No. 8 at ¶ 13.

In response, MCM mailed Plaintiff a letter to her home address on November 25, 2023, that *solely* addressed Plaintiff's dispute and validation request (the "Response"). ECF No. 8 at ¶¶ 14–15. The Response provided account-level information and further stated:

> Dear Norma,
>
> We understand that you are inquiring about or requesting documentation about the accuracy of our records concerning this account per Texas Finance Code. After reviewing the information you provided, our account notes, and information provided by the previous creditor . . . we have concluded that our information is accurate. We have also enclosed documents regarding the account. If you believe we have reached this conclusion in error, please reference the information below:
>
> **We have received the following information from you:** We are uncertain of what you are specifically disputing
>
> **Next Steps:** In order for us to further investigate your inquiry please provide the following: Written Explanation and documentation demonstrating any errors in your account information
>
> . . . .
>
> For additional information you may contact us online at MidlandCredit.com, you may also call Consumer Resolutions at [Consumer Resolutions phone number]. In the meantime, as previously requested by you, we will no longer be contacting you regarding this account by phone or in writing unless required by law or you request that we resume communications.

*See* **Ex. B** (emphasis in original); ECF No. 8 at ¶ 14.

Nothing in the substance of the Response indicates that MCM sent it with the "purpose of coercing Plaintiff to pay an alleged debt" as alleged by Plaintiff. *See* ECF No. 8 at ¶ 21. Nevertheless, Plaintiff filed this lawsuit asserting that MCM violated 15 U.S.C. §1692c(a)(1). *Id*.

3

at ¶¶ 19-22. It appears to be one of many cases throughout the country, including another case pending in this Court (Case No.: 1:24-cv-562), that appear to be utilizing strikingly similar letters in an attempt to bait the response that then becomes the subject of the subsequent FDCPA claims.

## ARGUMENT & AUTHORITIES

In order to recover under the FDCPA, a plaintiff must plead sufficient facts showing that: "(1) [she] is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Meyer v. Phoenix Recovery Grp.*, No. CV SA-17-CA-0131-FB, 2019 WL 2564572, at *2 (W.D. Tex. Feb. 21, 2019) (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d. Cir. 2014)). At issue in this case is 15 U.S.C. § 1692c(a)(1), which provides in relevant part: "a debt collector may not communicate with a consumer in connection with the collection of any debt—(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." *See* 15 U.S.C. § 1692c(a)(1).

The Court should dismiss Plaintiff's sole claim under Rule 12(b)(6) because Plaintiff has failed to plead facts demonstrating that the Response was a communication (1) at a "time or place known or which should have been known to be inconvenient to the consumer," and (2) "in connection with the collection of any debt."

### A. Legal standard under FED. R. CIV. P. Rule 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *cert. denied*, 552 U.S. 1182 (2008)). "Factual allegations must . . . raise a right to relief above the speculative

level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted).

While the allegations need not be overly detailed, a plaintiff's pleadings must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("'naked assertions' devoid of 'further factual enhancement,' "along with "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

Moreover, demonstrating the facial plausibility of a claim requires a plaintiff to establish "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 677. It is not enough that a plaintiff alleges the mere possibility of misconduct; it is incumbent to "show that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Iqbal*, 556 U.S. at 678–79. The court may dismiss a complaint under Rule 12(b)(6) if either the complaint fails to assert a cognizable legal theory, or the facts asserted are insufficient to support relief under a cognizable legal theory. *See Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc*., 940 F. Supp. 1026, 1030 (E.D. Tex. 1996).

**B.     Plaintiff fails to state a claim under 15 U.S.C. § 1692c(a)(1) because MCM did not communicate with Plaintiff at an inconvenient time or place.**

The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any *medium*." 15 U.S.C. § 1692a(2) (emphasis added). "Accordingly, the FDCPA distinguishes between a preference in medium and a consumer's right

to not be contacted at a time or place known to be inconvenient." *See Marks*, 2024 WL 1134037, at *2. This distinction is fatal to Plaintiff's claim.

In *Marks*, the court dismissed a claim asserted under 15 U.S.C. § 1692c(a)(1) that is substantively identical to the claim asserted by Plaintiff in her First Amended Complaint. *See Marks*, 2024 WL 1134037, at *2–*3.[2] Like the Dispute Letter, the plaintiff's letter in *Marks* disputed the debt, requested validation, and provided that "[t]he only convenient way to contact me is via email." *Marks*, 2024 WL 838709, at *1. Like the Response, the defendant mailed a response verifying the plaintiff's debt. *See id.* The court determined that the defendant was not on notice that communications received at the plaintiff's home (i.e., a *place*) were inconvenient because the plaintiff's letter referred only to email as being the sole *medium* of communication that was convenient. *See Marks*, 2024 WL 1134037, at *2. Other district courts across the country have reached the same conclusion.[3] *See, e.g.*, *White v. LVNV Funding, LLC*, 2024 WL 365404 (D. Nev. Jan. 30, 2024) (dismissing a claim premised on a plaintiff's notice that "the only convenient way to contact her was via email"; *Kirk v. Credit Mgmt. L.P.*, No. 2:23-CV-482-ECM, 2024 WL 3240564, at *2 (M.D. Ala. June 28, 2024) (same, "the only convenient way to contact her is via email"); *Cash v. LVNV Funding LLC*, No. 2:24-cv-00474 (C.D. Cal. Mar. 4, 2024) (ECF No. 9) (dismissing 15 U.S.C. § 1692c(a) claim sua sponte because "Plaintiff cannot state a claim for inconvenient communication based on receipt of a letter through regular mail" despite allegation that he notified creditor that email was "the only convenient way to contact him").

---

[2] The Report and Recommendation of the United States Magistrate Judge identifies the content of the communications exchanged between the parties. *See Marks*, 2024 WL 838709, at *1.
[3] And one Court has even dismissed similar claims based on lack of standing, because claimed privacy injuries caused by receiving a letter in an "inconvenient" medium, such as a letter via mail, do not create a concrete injury. *Brown v. Midland Credit Mgmt.*, No. 24CV1184PKCRML, 2024 WL 1623336, at *2 (E.D.N.Y. Apr. 15, 2024) (factoring in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021)) and dismissing a 15 U.S.C. § 1692c(a) claim premised on the same allegations in this case for lack of standing because the privacy injuries claimed could not be construed as "highly offensive to a reasonable person.").

Plaintiff's Dispute Letter does not contain any information putting MCM on notice of a time or place "which should be known to be inconvenient to the consumer," as required to state a claim under 15 U.S.C. § 1692c(a)(1). *See* **Ex. B**. Instead, the Dispute Letter identifies email as the only *medium* of communication that is convenient. "But the statute does not require that the debt collector comply with Plaintiff's preferences." *White*, 2024 WL 365404, at *2. Therefore, Plaintiff fails to state a claim under 15 U.S.C. § 1692c(a)(1) for the same reasons articulated by the courts in *Marks*, *White*, and *Kirk*.

**C.     Plaintiff's reliance on Regulation F is misplaced.**

Plaintiff quotes from the Consumer Financial Protection Bureau's "official interpretation" of 12 C.F.R. § 1006.6(b)(1) in purported support of her claim.[4][5] *See* ECF No. 8 at ¶ 16. But the "official interpretation" is consistent with the court's holdings in *Marks*, *Kirk*, and *White*.

The example provided by the CFPB's interpretation "assume[s] that a consumer tells a debt collector not to communicate with the consumer at a particular *place, such as the consumer's home*." *See id*. at ¶ 16 (emphasis added). Based on that statement, the CFPB concludes that a debt collector should know that communications by mail and to a landline telephone associated with the consumer's home are both inconvenient absent additional information. *See id*. But Plaintiff never told MCM not to communicate with her at a *place* like her home. Instead, Plaintiff's

---

[4] Plaintiff refers to "Regulation F § 1006.14(h)(1)," but Plaintiff quotes a portion of the CFPB's interpretation of 15 U.S.C. § 1006.06(b)(1). *See* 12 C.F.R. § 1006, Supp. I. To the extent Plaintiff intended to rely on 12 C.F.R. § 1006.14(h)(1), the court in *Kirk* correctly recognized that "§ 1006.14(h) does not help the Plaintiff establish that [Defendant] violated § 1692c(a)(1)." *See Kirk*, 2024 WL 3240564, at *3 ("[P]ursuant to § 1006.14(h)(2), [Defendant] was allowed to contact the Plaintiff once via letter, which [Defendant] did when they sent the Plaintiff a verification letter in response to the Plaintiff's mailed letter of dispute.").

[5] Similar to the exception found in § 1006.14(h)(2) and discussed in *Kirk*, other courts have stated that a consumer's debt dispute letter that also requests no further contact can result in a "waiver" that allows the debt collector to respond to the debt dispute with a verification letter. *Vazzano v. Receivable Mgmt. Servs., LLC*, 599 F. Supp. 3d 463, 468 (N.D. Tex. 2021) (conceding that when a consumer disputes and requests validation of a debt, they then waive protection from further communication); *Van Alstyne v. Gc Servs.*, 2009 WL 10695068, at *12-13 (S.D. Tex. Dec. 11, 2009) (assuming, without deciding, that waiver is possible).

allegation is that her letter notified MCM that "the only convenient *way* to contact her was email." *See id*. at ¶ 12; **Ex. A**. It is the inverse of the example. And, notice of inconvenient *mediums* is not notice of an inconvenient *place*.[6] *See, e.g.*, *Marks*, 2024 WL 1134037, at *2.

Because Plaintiff clearly takes issue with MCM's medium of communication rather than the time or place of the communication, Plaintiff's claim under 15 U.S.C. § 1692c(a)(1) should be dismissed.

**D.  Plaintiff fails to state a claim under 15 U.S.C. § 1692c(a)(1) because the Response is not a communication "in connection with the collection of a debt."**

To state a plausible claim under 15 U.S.C. § 1692c(a)(1), Plaintiff must initially plead plausible facts demonstrating that the complained-of communication was made "in connection with the collection of a debt." 15 U.S.C. § 1692c(a)(1). MCM's Response confirms that it was not.

To be a communication "in connection with the collection of a debt," the "animating purpose" of the communication must be to induce payment of a debt. *See Hunsinger v. SKO Brenner Am., Inc.*, No. 3:13-CV-0988-D, 2013 WL 3949023, at *3-4 (N.D. Tex. Aug. 1, 2013). Courts "look to the *substance* of the letter—what information it provides and what it asks the borrower to do—to determine whether an 'animating purpose' is 'to induce payment by the debtor.'" *Heinz v. Carrington Mortgage Services, LLC*, 3 F.4th 1107, 1114 (8th Cir. 2021) (emphasis in original) (quoting *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 914 (8th Cir. 2014)).

Plaintiff mischaracterizes the Response as having the "purpose of coercing Plaintiff to pay an alleged debt." ECF No. 8 at ¶¶ 18-22. In reality, the Response is a communication specifically

---

[6] Plaintiff does not allege that she cannot access her email at her home by phone, laptop, tablet, computer, or other electronic device. The point is that Plaintiff's asserted inconvenience is clearly not associated with a time or place.

solicited by Plaintiff that provided only responsive *information* about her debt—not an attempt to collect a debt. *See Goodson v. Bank of Am., N.A.*, 600 F. App'x 422, 432 (6th Cir. 2015) ("When communications are 'merely a ministerial response to a debtor inquiry, rather than part of a strategy to make payment more likely,' this court has found that inducing payment is not their animating purpose." (quoting *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011)); *Bauer* v. *Midland Credit Mgmt., Inc.*, No. 4:23-CV-00367-DGK, 2024 WL 3512079, at *5 (W.D. Mo. July 23, 2024) (holding that a similar letter responding to a plaintiff's debt dispute and demand to cease communications was not an attempt to collect a debt under the FDCPA); *Cardona v. FCI Lender Serv., Inc.*, 2017 WL 3531492, at *3 (N.D. Ill. 2017) (stating that a communication that merely seeks or gives information is not "in connection with the collection of a debt."). As in *Goodson*, the Response "did not make an express demand for payment, list a payment due date or threaten consequences should [Plaintiff] fail to pay." *Compare Goodson*, 600 F. App'x at 432 ("Though the letter was sent by a debt collector who had had no relationship with Goodson prior to her default, and stated the balance owed as of June 30, 2011, the factors in favor of finding that it had been sent in connection with a debt collection activity end there."), *with* **Ex. B** (identifying "current balance" but otherwise silent as to a date due, consequences for a failure to pay, and a demand for payment).

Plaintiff attempts to distort the Response's purpose by referring to the following portion of the back page of the Response:

| Important Contact Information | | |
|---|---|---|
| Send Payments to:<br>Midland Credit Management, Inc.<br>PO Box 2004<br>Warren, MI 48090-2004 | Send disputes or an instrument tendered as full satisfaction of a debt to:<br>Attn: Consumer Support Services<br>320 E Big Beaver Rd.<br>Suite 300<br>Troy, MI 48083<br>You may also call: 877-382-6063 | Physical Payments for Colorado Residents:<br>Colorado Manager, Inc.<br>8690 Wolff Court, Suite 110<br>Westminster, CO 80031<br>Phone (303) 920-4763 |

*See* ECF No. 8 at ¶ 15. But the inclusion of standard disclosures and an address to send payments

does not alter the "animating purpose" of the letter from informational to payment-inducing. *See Goodson*, 600 F. App'x at 432 (holding that the inclusion of the standard attempt-to-collect-a-debt disclosure "did not, by itself, transform the informational letter into debt collection activity"); *Hunsinger*, 2013 WL 3949023, at *3-*4 (same); *Ostojich v. Specialized Loan Servicing,* LLC, 618 F. Supp. 3d 778, 787 (N.D. Ill. 2022) (noting that debt collectors could send a letter providing a consumer with information related to a mailing address without that letter turning into an attempt to collect a debt); *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 386 (7th Cir. 2010) (standard disclaimers do "not automatically trigger the protections of the FDCPA[.]").

While not at issue in this case, 15 U.S.C. § 1692g(b) further confirms that the Response was not made "in connection with collection of a debt." Section 1692g(b) expressly requires a debt collector to *mail* a consumer validation information in response to a timely debt dispute before it can proceed with "collection of the debt." 15 U.S.C. § 1692g(b). Clearly, a letter providing information in response to a debt dispute—like MCM's Response does in this case—cannot be an attempt to collect a debt under § 1692c but not an attempt to collect a debt under § 1692g. *See* **Ex. B** at 1.

Because the Response's "animating purpose" was clearly not to induce payment by Plaintiff on a debt but merely an informational communication solicited by Plaintiff, Plaintiff's FDCPA claim should be dismissed.

## **PRAYER**

WHEREFORE, MCM respectfully requests that the Court grant this Motion, and pursuant to Federal Rule of Civil Procedure 12(b)(6), render an order dismissing Plaintiff's claims with prejudice. MCM further requests all other relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

*/s/ Christopher G. Garcia*
Daniel Durell
State Bar No. 24078450
daniel.durell@lockelord.com
Christopher G. Garcia
State Bar No. 24120840
chris.garcia@lockelord.com
LOCKE LORD LLP
300 Colorado Street, Suite 2100
Austin, Texas 78701
Telephone: (512) 305-4700
Facsimile: (512) 305-4800

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on this the 6th day of August, 2024, as indicated below to the following:

| **Via CM/ECF** | **Via CM/ECF** |
|---|---|
| Tiffany Hill | Shakeria Northcross |
| 3010 LBJ Freeway, Suite 1200 | Northcross Legal PLLC |
| Dallas, Texas 75234 | 539 W. Commerce St., Suite 7226 |
| thlegalconsulting@gmail.com | Dallas, Texas 75208 |
| **Attorney for Plaintiff** | assistant@northcrosslegal.com |
| | **Attorney for Plaintiff** |

*/s/ Christopher G. Garcia*
Counsel for Defendant

138169633v.2 1008643/00215